IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cr-0023 |
| ) | |
| **ASHLEY WARNER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____) | |

### ORDER

**BEFORE THE COURT** is Ashley Warner's ("Warner") *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed on February 16, 2024. (ECF No. 50.) Warner seeks a reduction of his sentence based on four reasons he describes as "extraordinary and compelling": (1) Amendment 821 to the U.S. Sentencing Guidelines ("Sentencing Guidelines") applicable to zero-point offenders effective on November 1, 2023; (2) his rehabilitation; (3) deprived conditions he suffered during the pandemic; and (4) he is "housed at a facility with ongoing outbreaks of infectious disease and an ongoing public health emergency declared by the State of New Jersey," (*id.* at 8). The Government filed an opposition on April 29, 2024. (ECF No. 54.) For the reasons that follow, the Court will deny the motion.

### I. BACKGROUND

On June 22, 2018, the Government filed an Information charging Warner with two federal drug-related offenses. (ECF No. 30.) On August 1, 2018 Warner filed an Application for Permission to Enter Plea agreement agreeing to plead guilty to conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, § 846, ("Count I"); and possession with intent to distribute cocaine, in violation of Title 21, United States Code, § 841(a)(1) and 841(b)(1)(A)(ii)(II), ("Count II") . The Court accepted Warner's plea of guilty to these counts. At the sentencing hearing held on December 6, 2018, the sentencing judge calculated an advisory guideline imprisonment range of 120 months based on a total offense

level of 27, with a criminal history category of I. Warner had zero criminal history points.[1] The sentencing judge sentenced Warner to 120 months. (ECF No. 49.) [2]

## II. DISCUSSION

### A. Amendment 821

A district court may reduce a defendant's term of imprisonment based on a sentencing range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(2). Pursuant to § 994(o), the U.S. Sentencing Commission issued Amendment 821 to the Sentencing Guidelines that became effective November 1, 2023.  Warner seeks a retroactive two-level decrease to his guideline calculation based on Part B, Subpart 1 of Amendment 821. This new amendment, titled "Adjustment for Certain Zero-Point Offenders" and promulgated in U.S.S.G. § 4C1.1, allows a defendant to receive a two-level decrease if the defendant meets certain criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

---

[1] Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 to 87 months. However, the statutory required minimum sentence is greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is 120 months. *See* U.S.S.G. § 5G1.1(b).

[2] The U.S. Bureau of Prisons currently projects Warner's unofficial release date to be November 29, 2025. *See* https://www.bop.gov/inmateloc/ (last visited July 17, 2024).

 (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

Warner pled guilty to Counts I and II of the Information. As alleged in the Information and the Presentence Investigation Report, Count I charged:

> On or about May 23, 2018, at St. Thomas, in the District of the Virgin Islands, and elsewhere, Ashley Warner and co-defendant Jason Frett[3] did knowingly and intentionally combined, conspired, confederated, and agreed, together and with each other, and with other persons knows and unknown, to possess with the intent to distribute, five kilograms or more [of] a substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). All in violation of Title 21, United States Code, § 846.

*See also*, Information, p. 1.

Count II charged:

> On or about May 23, 2018, at St. Thomas, in the District of the Virgin Islands, and elsewhere, Jason Frett and Ashley Warner, did knowingly and intentionally possess with the intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet same. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

*See also*, Information, p. 2.

By pleading guilty to Counts I and II, Warner admitted that that he conspired to possess with intent to distribute cocaine and was in possession with the intent to distribute cocaine. He was convicted and sentenced to 120 months imprisonment under 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II), which carries a statutory mandatory minimum term of imprisonment for his conviction. Thus, because Warner was sentenced to the mandatory minimum term of imprisonment under Counts I and II, he does not qualify to receive a reduction in his sentence under Amendment 821.

 **B. Extraordinary and Compelling Reasons**

---

[3] The Government's Motion to Dismiss the Information as to Jason Frett was granted on August 10, 2018, (ECF No. 46).

Once a defendant has fully exhausted his administrative remedies[4] under 18 U.S.C. § 3582(c)(1)(A) by moving for compassionate release with the Federal Bureau of Prisons ("BOP"), the court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction," provided "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

### i. Rehabilitation

Warner asserts that he has been rehabilitated because he has not incurred a single disciplinary infraction during his incarceration, he continuously programmed, completed several educational courses, maintained employment, and conducted himself in a manner that shows he no longer presents a danger to society. The Government asserts that rehabilitation, while commendable, is not sufficient to warrant reduction.

"[A]lthough . . . rehabilitation could . . . be viewed as extraordinary," it is by itself "insufficiently compelling to warrant a reduced sentence." *United States v. Bethea*, No. 22-2043, 2023 WL 8519194, at *2 (3d Cir. Dec. 8, 2023) (quoting *United States v. Andrews*, 12 F.4th 255, 262 (3d Cir. 2021)); *United States v. Murray*, No. 23-3175, 2024 WL 1155769, at *1 (3d Cir. Mar. 18, 2024) (affirming the district court's finding "rehabilitation efforts and good conduct . . . did not warrant a sentence reduction"); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Because rehabilitation is not an extraordinary and compelling reason, reduction of sentence on this ground is not warranted.

### ii. Deprived Conditions During the Pandemic

Warner contends that he has been on full or modified lockdown from March 2020 to May 2023, and deprived of visits, movement, commissary, recreation, programming, and educational programs because of the measures taken to manage the spread of the virus, and the time he spent in prison during the pandemic is a compelling reason to reduce his

---

[4] The Government does not challenge Warner's assertion that he exhausted his administrative remedies by sending a letter electronically and more than 30 days has elapsed from the Warden's receipt of that letter.

sentence. The Government asserts that courts have found this argument insufficient to show extraordinary and compelling reasons to reduce the sentence.

The Third Circuit stated that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As one court explained:

> Although the COVID-19 pandemic undoubtedly made prison conditions more difficult, the COVID-19 pandemic made conditions more difficult for everyone. And based on Defendant's argument, everyone who was incarcerated during the height of the COVID-19 pandemic should receive a sentence reduction because they experienced different or difficult prison conditions. In drafting the new sentencing guidelines, the Sentencing Commission was aware of the effects of COVID-19 on prison operations, and it did not identify modified, difficult, or harsh prison conditions as an extraordinary and compelling reason warranting a reduction in sentence.

*United States v. Hernandez*, No. 19-10002-02-EFM, 2024 WL 52287, at *3 (D. Kan. Jan. 4, 2024).

Warner does not assert that during the COVID-19 pandemic he suffered from any medical condition or contracted COVID-19, and he does not allege that the prison facility failed to manage the pandemic properly. Since Warner "endured the same harsh conditions as many others incarcerated during the pandemic, this factor does not, on its own, rise to the level of an extraordinary and compelling reason to reduce his sentence." *United States v. Fermin*, No. CR 96-114 (RBK), 2024 WL 1479155, at *5 (D.N.J. Apr. 5, 2024); *United States v. Berryman*, No. 23-2438, 2023 WL 8663872, at *1 (3d Cir. Dec. 15, 2023) (finding that "[n]either the existence of COVID-19 nor [defendant's] rehabilitation independently warrants compassionate release"). Because the prison conditions during the pandemic are not an extraordinary and compelling reason, reduction of sentence on this ground is not warranted.

### iii. Facility with Ongoing Outbreaks and Public Health Emergency

Warner contends that the facility at Fort Dix, the largest prison with the largest inmate population, is the most contagious disease infested, and inmates are subject to

inhumane conditions, such as lack of air conditioning and ventilation, contaminated drinking water, open sockets and electrical wires, exposure to asbestos, lead, black mold and open sewage, resulting in massive staff and MRSA infections. Moreover, due to overcrowding, rapid spread of Chicken Pox and Shingles plague inmates every year, and the forever chemicals are 24,000 higher than safe limit, which makes the prisoners victims of the toxic exposure. The Government argues that courts have rejected similar arguments and Warner does not assert any condition specific to him.

Extraordinary and compelling reasons exist when defendant presents the following circumstances:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1)(D).

Warner does not assert any prison conditions specific to him, any personal risk factors due to which he is at increased risk of suffering severe medical complications or death as a result of the alleged conditions, or that such risk cannot be adequately mitigated. *United States v. Shepherd*, No. 20-20041-JAR, 2024 WL 1619797, at *3 (D. Kan. Apr. 15, 2024) (rejecting a laundry list of poor conditions at Fort Dix and finding that "[n]one of the conditions cited by Defendant are specific to him; they are issues impacting all prisoners at Fort Dix"). Moreover, Warner's general assertions about the facility conditions and their effect on general population are not corroborated by any evidence. Accordingly, Warner failed to establish that the alleged facility conditions constitute extraordinary and compelling reasons warranting sentence reduction.

### iv.    18 U.S.C. § 3553(a) Factors

Warner asserts that his time served constitutes a sufficient sentence, but not greater

*United States v. Warner*
Case No. 3:18-cr-0023
Order
Page **7** of **7**

than necessary to achieve the sentencing goals. The Government contends that, even if Warner showed extraordinary and compelling circumstances, section 3553(a) do not favor release because he was part of a conspiracy to distribute 11 kilograms of cocaine and drug trafficking poses a substantial risk of harm to the community.

Having found that Warner failed to establish extraordinary and compelling circumstances, there is no need for the Court to consider the section 3553(a) factors. *United States v. Alford*, No. CR 08-374, 2021 WL 1561508, at *9 (W.D. Pa. Apr. 21, 2021) ("The court recognizes that having concluded Alford did not satisfy his burden to show that extraordinary and compelling circumstances exist in this case, it need not consider the § 3553(a) factors."). Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Warner's motion for reduction in sentence, ECF No. 50, is **DENIED;** it is further

**ORDERED** that the Clerk's Office shall provide a copy of this Order to Ashley Warner via certified mail with return receipt.

**Dated:** July 18, 2024

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**